LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WALTER NOIRA,
*on behalf of himself and FLSA Collective Plaintiffs*,

       Plaintiff,

  v.

BAT-EL AHARON INC. d/b/a TAAM TOV,
and ARSEN AHARON,

       Defendants.

Case No.: 18-cv-10625

**COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff WALTER NOIRA (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Collective Action Complaint against Defendants, BAT-EL AHARON INC. d/b/a TAAM TOV ("Corporate Defendant") and ARSEN AHARON ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wage, (2) liquidated damages and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff WALTER NOIRA is a resident of Queens County, New York.

6. Defendants operate a restaurant under the trade name "Taam Tov" located at 41 West 47th Street, New York, NY 10036 (hereinafter "Taam Tov Restaurant").

7. Corporate Defendant BAT-EL AHARON INC. d/b/a TAAM TOV is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 41 West 47th Street, New York, NY 10036. Defendants operate Taam Tov Restaurant through Corporate Defendant BAT-EL AHARON INC.

8. (i) Individual Defendant ARSEN AHARON has operational control of Taam Tov Restaurant. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff and FLSA

Collective Plaintiffs at Taam Tov Restaurant. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff and FLSA Collective Plaintiffs.

(ii) Individual Defendant ARSEN AHARON additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff and FLSA Collective Plaintiffs at Taam Tov Restaurant. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Taam Tov Restaurant is operating efficiently and profitably.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to, delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six (6) years prior to the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff claims that Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay the lawful minimum wage. With respect to tipped employees, Defendants were not entitled to claim tip credit allowance under the FLSA, because they (i) failed to properly provide notice to tipped employees that Defendants were taking a tip credit, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, and (iv) failed to maintain daily records of tips on behalf of tipped employees.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

14.     From in or about January 2015 until in or about March 2017, Plaintiff WALTER NOIRA was employed by Defendants and/or their predecessors, as applicable, to work as a delivery worker for Defendants' Taam Tov Restaurant located at 41 West 47th Street, New York, NY 10036.

15.     From the beginning of his employment with Defendants until in or about October 2016, Plaintiff WALTER NOIRA regularly worked four (4) hours per day, from 11:00 a.m. to 3:00 p.m., for five (5) days per week, for a total of approximately twenty (20) hours per week.

From in or about November 2016 until the end of his employment with Defendants, Plaintiff WALTER NOIRA regularly worked eight (8) hours per day, from 11:00 a.m. to 3:00 p.m. and from 5:00 p.m. to 9:00 p.m., for five (5) days per week, for a total of approximately forty (40) hours per week.

16. From the beginning of his employment with Defendants until in or about December 2015, Plaintiff WALTER NOIRA was paid at an hourly rate of $5.00. From January 2016 until the end of his employment with Defendants, Plaintiff WALTER NOIRA was paid at an hourly rate of $6.00.

17. Although Plaintiff WALTER NOIRA's spread of hours regularly exceeded ten (10) hours per workday, he was never paid the spread of hours premium throughout his employment with Defendants.

18. Throughout his employment with Defendants, Plaintiff WALTER NOIRA did not receive proper wage and hour notice at the beginning of employment, as required under the New York Labor Law.

19. Throughout his employment with Defendants, Plaintiff WALTER NOIRA did not receive any wage statements with his wage payments each week, as required under the New York Labor Law.

20. Throughout his employment with Defendants, Plaintiff WALTER NOIRA regularly spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's observations and conversations with other employees at Taam Tov Restaurant, Plaintiff and other employees at Taam Tov Restaurant similarly suffered from Defendants' common violations.

21. Based on Plaintiff's observations and conversations with other employees at Taam Tov Restaurant, Plaintiff WALTER NOIRA and FLSA Collective Plaintiffs worked similar hours, engaged in similar job duties, and received similar wage notice and statements from Defendants.

22. Based on Plaintiff's observations and conversations with other employees at Taam Tov Restaurant, Defendants paid Plaintiff WALTER NOIRA and FLSA Collective Plaintiffs at similar hourly rates that were less than the prevailing full minimum wage.

23. Based on Plaintiff's observations and conversations with other tipped employees at Taam Tov Restaurant, Plaintiff WALTER NOIRA and tipped FLSA Collective Plaintiffs did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff and tipped FLSA Collective Plaintiffs did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff and tipped FLSA Collective Plaintiffs of the amount of tip credit taken for each payment period.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff WALTER NOIRA and FLSA Collective Plaintiffs.

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to Plaintiff WALTER NOIRA.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage and hour notice to Plaintiff WALTER NOIRA at the beginning of his employment, in violation of the New York Labor Law.

27. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff WALTER NOIRA with each wage payment, in violation of the New York Labor Law.

28. Plaintiff WALTER NOIRA retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and reavers Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

33. Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

34. At all relevant times, the Defendants willfully engaged in a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

35. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the full and proper minimum wage when Defendants knew or should have known such was due.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, plus an equal amount as liquidated damages.

39. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

43. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wage in the lawful amount for hours worked.

44. Defendants willfully violated Plaintiff's rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

45. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff at the beginning of his employment, as required by New York Labor Law § 195.

46. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff with every wage payment, as required by New York Labor Law § 195.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage, unpaid spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

9

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the minimum wage, pursuant to the FLSA;

g. An award of liquidated damages as a result of Defendants' willful failure to pay the minimum wage and spread of hours premium, pursuant to the NYLL;

h. An award of pre-judgment and pos-tjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties; and

i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 14, 2018         Respectfully submitted,

                                            LEE LITIGATION GROUP, PLLC

                            By:     */s/ C.K. Lee*

                                            C.K. Lee, Esq. (CL 4086)
                                            Anne Seelig, Esq. (AS 1976)
                                            30 East 39th Street, Second Floor
                                            New York, NY 10016
                                            Tel.: (212) 465-1188
                                            Fax: (212) 465-1181

                                            *Attorneys for Plaintiff*
                                            *and FLSA Collective Plaintiffs*